979 So.2d 954 (2008)
D.E.M., etc., Petitioner,
v.
STATE of Florida, Respondent.
No. SC05-2362.
Supreme Court of Florida.
April 3, 2008.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, Florida, Richard L. Polin, Bureau Chief, and Maria T. Armas, Assistant Attorneys General, Miami, FL, for Respondent.
*955 PER CURIAM.
We have for review D.E.M. v. State, 916 So.2d 65 (Fla. 3d DCA 2005), in which the Third District Court of Appeal expressly relied upon the Second District Court of Appeal's decision in Hilton v. State, 901 So.2d 155 (Fla. 2d DCA 2005) (en banc), quashed, 961 So.2d 284 (Fla.2007). At the time the Third District issued its decision in D.E.M., Hilton was pending review in this Court. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
We stayed proceedings in this case pending our disposition of Hilton. See Hilton v. State, 961 So.2d 284 (Fla.2007) (quashing the Second District's decision in Hilton, upon which the Third District had relied in D.E.M.). When our decision in Hilton became final, we issued an order directing respondent to show cause why we should not accept jurisdiction, quash the D.E.M. decision, and remand for reconsideration in light of our decision in Hilton. Upon considering respondent's response and petitioner's reply thereto, we have determined to do so.
We accordingly grant the petition for review in the present case. The decision under review is quashed and this matter is remanded to the Third District for reconsideration upon application of this Court's decision in Hilton. Nothing in our disposition today precludes any party from presenting any matter to the district court of appeal, including any assertions presented to this Court in the responses to the order to show cause.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, QUINCE, and CANTERO, JJ., concur.
WELLS, J., dissents with an opinion, in which BELL, J, concurs.
WELLS, J., dissenting.
I dissent to the quashing of the Third District Court of Appeal's decision in this case. In the State's response to this Court's order to show cause following the Court's decision in Hilton v. State, 961 So.2d 284 (Fla.2007), the State submitted:
In this case, the State presented the testimony of the officer who stopped the vehicle. The officer testified the car Petitioner was riding in was stopped for having a shattered, driver's side window which still had loose shards of glass and which were capable of being blown about by the wind as the vehicle picked up speed. The shattered glass rendered the vehicle unsafe to the motoring public as well as the driver where the shards of glass were loose and capable of flying within the vehicle as well as striking other motorists.
Respondent's Response to Order to Show Cause at 2. In view of the majority opinion in Hilton, I believe that this Court must take this case because of the uncertainty that opinion leaves as to how dangerous defects in a motor vehicle must be for a traffic enforcement officer to stop the vehicle. Surely an "objectively reasonable" law enforcement officer should stop a vehicle with the glass damage here described for the safety of all of us who use our streets and highways.
BELL, J., concurs.